JAMES M. BARRETT     SBN 190274
LAW OFFICE OF JAMES M. BARRETT
789 CASTRO STREET
Mountain View, CA 94041
Telephone (650) 969-3687
Facsimile (650) 969-3699

Attorney for Plaintiff Colonial Stock Transfer

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAPITAL GROUP COMMUNICATIONS | No.:   C07-03632 EMC |
| | (Related Case) |
| Plaintiff, | |
| vs. | EX-PARTE APPLICATION FOR ORDER SHORTENING TIME; [PROPOSED ORDER] |
| GOTTAPLAY INTERACTIVE, INC., et al. | |
| Defendants. | |

COLONIAL STOCK TRANSFER

    Plaintiff,                                                          No:   C07-04470 EMC

    v.

GOTTAPLAY INTERACTIVE, INC, ET AL.

    Defendants

_____/

    Plaintiff Colonial Stock Transfer (COLONIAL) hereby respectfully apply ex parte for an order shortening time for concurrently filed Motion for Discharge of Stakeholder in Interpleader

Action ("Motion for Discharge").  Shortened time is sought on the ground that a swift hearing on the issue is required as COLONIAL have a bona fide fear that COLONIAL may be exposed to multiple liabilities with respect to Disputed Shares because of conflicting claims.

This ex parte application to shorten time is brought pursuant to the Court's inherent power to control its calendar and the power to shorten time to hear motions under Fed. R. Civ. P. 6(d).  The Rule 6(d) explicitly fixes the time for hearing on notice motions "unless a different period is fixed . . .by order of the court."  The same rule authorizes a party to seek a different period upon an ex parte application.  Thus, this Court has the authority to shorten the time for hearing on COLONIAL's concurrently filed Motion for Discharge.  It is based upon this ex parte Application itself, the accompanying certificate of counsel, the concurrently filed Motion for Discharge, its documentary exhibits in support thereof, COLONIAL seek the first available hearing date on Motion for Discharge, case no C07-3632 EMC.

Upon review of the complete facts, the Court will see that (1) there is continuing threat to COLONIAL that it will be exposed to multiple liabilities with respect to Disputed Shares because of conflicting claims by GottaPlay Interactive, Inc (herein "GottaPlay") and Capital Group Communications, Inc. (herein "CGC"); (2) COLONIAL  has no interest in Disputed Shares; (3) a probability of success on the merits; and (4) the threat of exposure to multiple liabilities, when COLONIAL does not have any kind of interest in Disputed Shares outweigh any kind of threat to Defendants.

COLONIAL is a Transfer Agent, who was holding two million shares, common restricted shares (herein "Disputed Shares") of GottaPlay issued by Gottaplay to CGC.  The Disputed Shares have been deposited and interplead by COLONIAL by this honorable court's Civil Minutes, dated September, 4, 2007.

COLONIAL does not have any interest in the Disputed Shares and the relative merit of the claims in case no.C07-3632 EMC are not relevant, wherein the parties GottaPlay and CGC disputing the ownership of the Disputed Shares. COLONIAL has a bona fide fear that COLONIAL may be exposed to multiple liabilities with respect to Disputed Stocks because of conflicting claims.  COLONIAL is requesting that any and all Defendants be restrained from instituting any action against COLONIAL for recovery of Disputed Shares being interplead with the Court and that COLONIAL be discharged from any and all liability with regard to claims to the interpleaded Disputed Shares.

In Motion for Discharge, COLONIAL is requesting COLONIAL be discharged from further liability to any or all of the defendants named herein under the allegations of the complaint, and further, that COLONIAL be discharged and relieved of further responsibility of holding Disputed Shares and that defendants be permanently enjoined from the further assertion of claims relating to two million shares except by interpleader and assertion of such claims in this action.

Accordingly, COLONIAL respectfully ask that Court shorten the time for hearing COLONIAL's Motion for Discharge to the earliest available court date.  Defendants already are informed that COLONIAL wants to interplead and have deposited the Disputed Shares with Court to hold, and they should therefore be able to respond in short time to COLONIAL's Motion for Discharge.

**DATE: September 17, 2007**             **The Law Office of JAMES M. BARRETT**

**/s/ James M. Barrett_____**
**JAMES M. BARRETT**
**Attorney for Plaintiff Colonial Stock Transfer**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25