MICHAEL F. DONNER (SBN 155944)
JONATHAN SOMMER (SBN 209179)
STEIN & LUBIN LLP
The Transamerica Pyramid
600 Montgomery Street, 14th Floor
San Francisco, California 94111
Telephone:   (415) 981-0550
Facsimile:    (415) 981-4343
mdonner@steinlubin.com
jsommer@steinlubin.com

Attorneys for Defendant
CAPITAL GROUP COMMUNICATIONS, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COLONIAL STOCK TRANSFER, <br><br> Plaintiff, <br><br> v. <br><br> GOTTAPLAY INTERACTIVE, INC., a Nevada corporation, and CAPITAL GROUP COMMUNICATIONS, INC., a California corporation, <br><br> Defendants. | Case No. C-07-04470 EMC <br><br> **CAPITAL GROUP'S OPPOSITION TO COLONIAL'S MOTION TO SHORTEN TIME REGARDING MOTION FOR DISCHARGE OF COLONIAL** |

Pursuant to Local Rule 6-3(c), defendant Capital Group Communications, Inc. ("Capital Group") opposes the Ex Parte Application for Order Shortening Time (the "Application") filed by plaintiff Colonial Stock Transfer ("Colonial"). The Application does not comply with the Local Rules, was not stipulated to by Capital Group and fails to establish a basis for the hearing of any motion on shortened time. The Application is made in support of Colonial's purported Motion for Discharge of Stakeholder in Interpleader Action (the "Motion"), which also fails to comply with the Local Rules and improperly seeks to discharge Colonial from all potential liability in the related action, Case No. C-07-3632, *Capital Group Communications, Inc. v. Gottaplay Interactive, Inc., et al.*

The Application fails to make any specific request to shorten time as required by Local Rule 6-3. Instead, Colonial requests that the Court pull briefing dates out of thin air to respond to the Motion. The purported Motion consists of two sentences and does not comply with Local Rule 7. There is no memorandum of points and authorities, no statement of requested relief, no noticed hearing date and time, and no proposed order, among other things. Therefore, there is no way that Capital Group can propose, or that the Court can set, reasonable deadlines for responding to such a nonexistent and unexplained "Motion." For these reasons, the Court should simply strike the Motion as well as the Application.

Contrary to the statement in paragraph 6 of Colonial's "Certification in Support of Ex Parte Application for Order Shortening Time," Capital Group did not agree to a hearing of this matter on shortened time and did not even meet and confer with Colonial on the subject. *See* Declaration of Michael Donner in Support of Capital Group's Opposition to Colonial's Motion to Shorten Time. If Capital Group had agreed to shorten time, the parties would have submitted a stipulated request for order shortening time in compliance with Local Rule 6-2.

Capital Group will not agree to hear a motion to discharge on shortened time because, among other reasons, Capital Group intends to file claims against Colonial shortly. Colonial also intends to move to dismiss Colonial's interpleader action because it is deficient in many respects, including at least the following four reasons:

1. Capital Group, not Colonial, has control of the 2,000,000 shares of stock issued by Gottaplay Interactive, Inc. ("Gottaplay") that Colonial purportedly interpleaded into the Court's registry. Capital Group yielded possession of the stock certificate for these shares on August 14, 2007, during the pendency of Capital Group's related action against Gottaplay, for the <u>limited purpose</u> of selling 311,011 shares of Gottaplay. As set forth in the Declaration of Devin Bosch in Support of Plaintiff's Motion for Preliminary Injunction, which was previously filed with this Court, Colonial, in collusion with Gottaplay, accepted the stock certificate from Capital Group for the purpose of effectuating the proposed transfer and sale and then, without Capital Group's knowledge and consent, violated Capital Group's ownership rights by (1) failing to comply with Capital Group's transfer request; (2) keeping the certificate for purposes other than

those to which Capital Group consented; (3) conspiring with Gottaplay on how to best delay and frustrate Capital Group's transfer request; and (4) purporting to interplead the stock certificate with the Court. As Capital Group at all times owned and controlled the stock certificate prior to these actions, Colonial is <u>not</u> a stakeholder, and therefore, has no right to interplead.[1]

       2.     Interpleader actions are not designed to protect an agent, Colonial, acting collusively and in bad faith with its principal, Gottaplay. When the purported stakeholder stands as a wrongdoer with respect to any party in the litigation, it cannot discharge its liability via interpleader. Among other things, Colonial is liable under sections 8-401 and 8-407 of the California Commercial Code for its failure to register the transfer of 311,011 shares of Gottaplay stock as requested by Capital Group. Section 8-401 imposes damages on an issuer for failure to register a transfer of a security; Section 8-407 specifically imposes liability on the transfer agent in addition to the issuer.

       3.     Even if the Court were to discharge Colonial to some extent, the order of discharge would have to be limited carefully so as not to preclude Capital Group from asserting claims based on Colonial's independent liability. In an interpleader action, the Court cannot adjudicate independent claims against Colonial; at most, the Court can distribute what is interpleaded (i.e., give Capital Group back its shares which were misappropriated by Colonial). Colonial, for its part, has requested that "Colonial be discharged from any and all liability with regard to claims to the interpleaded [shares]." Application, at 3. Such relief is grossly overbroad as it might preclude claims for damages under the California Commercial Code as well as common law claims. Colonial is the agent and acts on behalf of Gottaplay, and they cannot avoid damages for failure to honor a transfer request, as required by the code, simply by accepting Capital Group's stock certificate under false pretenses and interpleading it into the Court's registry. If that were the case, every issuer and agent looking to avoid their statutory duty to register a transfer could simply purport to interplead the share certificate.

---

[1] True stakeholders, such as life insurance companies, own and control property which they are contractually obligated to pay out, i.e., the life insurance proceeds. A life insurance company that interpleads $1,000,000 does so from its own funds; it does not obtain the money under false pretenses from its insured and then interplead it.

4.   There are no current adverse claims to the interpleaded shares. Capital Group has owned the shares at all times and only yielded the shares to Colonial for the limited purpose of selling 311,011 shares under SEC Rule 144. Gottaplay, the alleged adverse claimant, has taken the position in its securities filings that it purportedly "cancelled" the stock. Accordingly, Gottaplay has no adverse claim to ownership of shares that it asserts no longer exist. Gottaplay's effort to try to void the share certificate belatedly does not amount to a claim of ownership of shares, but rather a claim to void them in the future.

In sum, a motion for discharge is an important motion with potentially dispositive effect insofar as it may immunize a stakeholder from some, or all, liability. It should not be heard on shortened time, particularly where no proper motion has been filed or the basis for such a motion explained in any meaningful way. The Court therefore should strike Colonial's application for shortened time and motion for discharge.

Dated: September 18, 2007            STEIN & LUBIN LLP


By: /s/ Jonathan E. Sommer
    Jonathan E. Sommer
    Attorneys for Defendant
    CAPITAL GROUP COMMUNICATIONS, INC.