**JAMES M. BARRETT      SBN 190274**
**LAW OFFICE OF JAMES M. BARRETT**
**789 CASTRO STREET**
Mountain View, CA 94041
Telephone (650) 969-3687
Facsimile (650) 969-3699

Attorney for Plaintiff Colonial Stock Transfer

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLONIAL STOCK TRANSFER<br><br>    Plaintiff,<br><br>    vs.<br><br>GOTTAPLAY INTERACTIVE, INC. a Nevada corporation; CAPITAL GROUP COMMUNICATIONS, INC., a California Corporation<br><br>    Defendants. | Case No. C-07-4470 EMC<br>Related Case No. C-07-3632 EMC<br><br>**COLONIAL'S MEMORANDUM OF LAW IN OPPOSITION AND REPLY TO CAPITAL GROUP'S OPPOSITION TO COLONIAL'S MOTION TO DISCHARGE AND CROSS-MOTION TO DISMISS INTERPLEADER ACTION**<br><br>Date: October 24, 2007<br>Time: 3:00 p.m.<br>Judge: Hon. Edward M. Chen<br>Location: 15th Floor, Courtroom C |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION………………………………………………………………….3

II. FACTUAL BACKGROUND……………………………………………………...4

III. ARGUMENT……………………………………………………………………….5
   A. Colonial's Motion to Discharge……………………………………………….5
   B. Interpleader Action is Justified………………………………………………..6
      1. Interpleader Action is Equitable………………………………..6
      2. Colonial is Disinterested Stakeholder…………………………..6
      3. Gottaplay and Capital Are Claiming Same Interest…………..8
      4. Colonial will exposed to Double Liability………………………8
   C. Colonial is a disinterested Stakeholder……………………………………… 9

IV. CONCLUSION…………………………………………………………………….9

**COLONIAL'S RESPONSE AND NOTICE OF MEMORANDUM
OF LAW IN OPPOSITION TO CAPITAL'S CROSS-MOTION AND
COLONIAL'S MOTION TO DISCHARGE**

PLEASE TAKE NOTICE that this Response and Notice of Memorandum of Law of Plaintiff Colonial Stock Transfer to Capital Group Communications, Inc. cross motion will be brought for hearing before the Honorable Edward M. Chen, Courtroom C, 15th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California, at 3:00 p.m. on October 24, 1007, or at any other time the Court deems appropriate.  The response is based on this notice, the accompanying memorandum of points and authorities, and on all pleadings, files and records in this action.

**STATEMENT OF RELIEF REQUESTED**

Plaintiff Colonial Stock Transfer moves this Court to declare Plaintiff Colonial as a disinterested stakeholder and deny Defendant Capital Group's request for dismissal of Plaintiff's Interpleader action, and subsequently to find for Plaintiff Colonial's request for discharge from the Interpleader action, and further to allow this Court to retain possession and control of Stock Certificate 1064, currently held in the Court's registry for complete adjudication between Defendants Gottaplay Interactive Inc. and Capital Group in their current Breach of Contract dispute.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.
INTRODUCTION**

Colonial Stock Transfer ("Colonial") filed an interpleader complaint and motion to discharge requesting this Court to discharge Colonial from any and all liability with regard to claims to the interplead Disputed Shares of Stock, and that any and all Defendants be restrained

from instituting any action against Colonial for recovery of Disputed Shares being interplead with the Court in the related action, Case No. C-07-3632, Capital Group Communications, Inc. v. Gottaplay Interactive, Inc., et al.. On September 4, 2007 this Court granted, and Colonial interplead Share Certificate 1064 with this Court.

## II.
## FACTUAL BACKGROUND

Colonial is a stock transfer agent. On September 25, 2006, Colonial for Gottaplay Interactive, Inc (hereinafter "Gottaplay") issued to Capital Group two million shares ("Disputed Shares") of Gottaplay Common restricted stock and delivered to Capital Group Communications, Inc. (hereinafter "Capital Group") Share Certificate No. 1064 dated September 25, 2006 to reflect this issuance.

On May 14, 2007, Kathy Carter of Colonial Stock Transfer, received an email from Gottaplay's Chief Financial Officer Carroll Benton, to put a stop order on certificate # 1064 in the amount of 2,000,000, shares as they were in the process of Serving Capital Group with notice, and Gottaplay wished to have the shares returned. (Attached as Exhibit A).

On July 27, 2007, Ms. Carter, received an email from the Secretary/Treasury of Gottaplay, M. Carroll Benton informing that from "that date" onwards the only opinion that will be accepted for 144 and 144K Stock legend lifting, will be that of our (Gottaplay's) counsel, de Castro, P.C. (Attached hereto as Exhibit B).

On or about August 15, 2007, Colonial received World Trade Financial Corporation's Broker's Letter to execute and sell Capital Group's 311,011 shares of Gottaplay along with Seller's letter signed by Devin Bosch for Capital Group, Table I – Securities to be sold, copy of Form 144 "Notice of Proposed Sale of Securities." Colonial also received deposit shipment control lists. (Attached hereto as Exhibits C, D, E, F, G)

On August 15, 2007, Colonial received a demand letter from Capital Group accompanied by opinion letter dated August 14, 2007 asking to issue new share certificate for 311,011 shares free of the restricted legend and issue a second new certificate, representing 1,688,989 Shares, with a restricted securities legend. The Opinion letter was accompanied by an executed irrevocable stock transfer power as executed under Medallion Guarantee together with executed corporate resolution of Capital Group's Board of Directors, dated July 26, 2007 authorizing Devin Bosch, as President, Treasurer, and Secretary of the Seller to sell and/or transfer the Subject Shares for and behalf of Capital Group. (Attached hereto as Exhibits H, I, J, and K).

On August 16, 2007, Gottaplay filed an answer and counterclaim to the complaint filed by Capital Group with this Court, on July 13, 2007. The requested relief included in Gottaplay's Answer and Counter Claim, ¶79 was a preliminary and permanent injunction (a) requiring Capital Group to return the certificates representing the two million shares of common stock to Gottaplay; or (b) prohibiting Capital Group from transferring, assigning, pledging or otherwise encumbering the shares represented by such certificates, pending the full resolution of this case.

On August 17th, 2007, Ms. Carter promptly communicated to Carroll Benton of Gottaplay informing that Capital Group had presented the stock certificate 1064 for registration of transfer, and as GottaPlay had previously demanded to put a stop order on certificate #1064, Colonial will withhold registration of transfer for Capital Group to obtain legal process or an indemnity bond.

### III.
### ARGUMENT

**A.     Colonial's Motion To Discharge To Be Read In Harmony With Colonial's Response**

Colonial's motion to discharge is in compliance with applicable laws and with Local Rule 7.  Colonial's motion read with the Interpleader Complaint filed on August 29, 2007 explains the claims and relief requested by Colonial.  Alternatively, this Reply of Colonial to Capital Group's Opposition to Colonial's Motion to Discharge, it's memorandum of points and authorities and proposed order, explain in length the facts as plead, and the enclosed declaration of Kathy Carter, of Colonial Stock Transfer (attached hereto) as well as all applicable laws relied upon, provide more then sufficient basis that Colonial is a disinterested Stakeholder, and there are two or more adverse claimants, claiming entitlement to the adverse claim and Disputed Shares.

### B.     The Interpleader Action Is Justified As Colonial Is A Disinterested Stakeholder.

#### 1.     Interpleader Action is Equitable and remedial in nature

It is well settled law that "Statutory Interpleader" is remedial in nature and its application should be liberally construed to prevent stake holder from being subject to multiple liability, as well as protecting them from the expense of multiple litigation.  *(New York Life Ins. Co. v. Welch, 111 U.S. App. D.C. 376(D.C. Cir.1961))*.

#### 2.     Colonial Is A Disinterested Stakeholder And Has Complied With All Applicable Laws.

Colonial does not have any interest in the Disputed Shares.  Colonial received conflicting demands from Capital Group and from Gottaplay.  Capital Group is demanding that Colonial issue new certificate for 311,011 shares freed of the restricted legend and issue a second new certificate, representing 1,688,989 shares with a restricted securities legend.  Where as Gottaplay is demanding Colonial to put stop order on the stocks.

As required, by *Utah Code Ann. §70A-8-403(2)* Colonial notified Gottaplay that Capital Group is requesting to transfer and to have the restrictive legend removed from 311,011 Shares

and to reissue second certificate for the remaining shares.  And, that Gottaplay should initiate a legal process or an indemnity bond.

On August 16, 2007, Gottaplay filed an answer and counterclaim against Capital Group and prayed for injunction on any kind of transaction, with regards to Disputed Shares, pending the full resolution of the case.

Even though Colonial at the time was only holding the certificate, they were the stakeholders, because they were charged with the transfer as directed by both Gottaplay and Capital.  Plaintiff need not be a "stakeholder" in the traditional sense of holding a specific fund or property.  It is enough that plaintiff be under a specific obligation, written or unwritten, to which several persons claim to be entitled. *28 USC §1335(a) and Oxy USA Inc. v. Panhandle Eastern Pipe Line Co.*, 771 F. Supp. 337 (D.Kan.1991).  In this case Oxy and Helex filed a complaint involving processing rights for natural gas transported by interstate pipeline companies for delivery to the natural gas producers' customers.  The court reviewed the statutory interpleader's requirement and observed that, "*the subject matter of an interpleader action, as contemplated by 28 U.S.C. section 1335, is the claim of ownership by Williams, Mesa, and Mobil to the same natural gas liquids processing rights.  Mesa and Mobil claim to own the processing rights to the natural gas they contract with Williams to transport, while Williams claims to own the processing rights to the same gas*" (*Id*. at 9).  The Court further observed that, "*Accounting to both Williams and the producers for extracting the natural gas liquids would subject Helex to multiple liability for a single obligation*".  This is exactly what the interpleader statute was meant to prevent.  The Court further stated, "*the fact that Mesa and Mobil receive return to the natural gas liquids in kind, while Williams is to receive payment in cash does not invalidate the interpleader action.  Both Williams and the producers are claiming benefits arising from each party's claim to the same natural gas processing rights*" (*Id.* at 9).  The court found that due to

COLONIAL'S OPPOSITION AND REPLY Case No. C-07-4470 EMC                                    7

competing claims, Helex faces potential double or multiple liabilities from the producers' claims to ownership of the natural gas liquids processing rights.

### 3. **Gottaplay And Capital Group Are Claiming Interest In The Same Stocks Which Are Conflicting And Are Adverse Claim.**

Both *28 U.S.C. §1135* and *FRCP 22* require that to be the claimants must simply be asserting an interest in the same fund. The fact that the cause of liability is different or independent as between the claimants is immaterial. In *Sanders v. Armour Fertilizer Works*, 292 US 190 (U.S. 1934), an insured under a policy makes claim and is adverse to a garnishing creditor who claims the proceeds under a separate rate agreement. Interpleader is still available. The court held that the claims must conflict but they need not be mutually exclusive. It is sufficient that the claimants assert interest in the same fund.

*Utah Code Ann. Section 70A-8-101* defines, "Adverse claim" to mean a claim that a claimant has a property interest in a financial asset and that it is a violation of the rights of the claimant for another person to hold, transfer, or deal with financial asset.

 In the present case Capital Group is asserting their right to sell the shares and Gottaplay is asserting that the shares issued by Gottaplay to Capital Group have been cancelled. Even though Capital Group and Gottaplay are claiming different interests in the shares both are claiming interest in the same claim, i.e. Stock Certificate #1064. The fact that the cause of liability is different or independent as between the claimants is immaterial *(FRCP 22(1); 28 USC § 1335(b))* and the claimant must simply be asserting an interest in the same fund.

### 4. **Colonial Is Or May Be Exposed To Double Or Multiple Liability As Capital Group And Gottaplay As Adverse Claimants Are Claiming Entitlement To The Disputed Shares.**

Both *FRCP Rule 22 and 28 U.S.C. §1335* require that Plaintiff must demonstrate it "is or may be exposed to double or multiple liability. (*FRCP 22(1)* or that "two or more adverse

claimants . . . . are claiming or may claim entitlement to money or property . . ." (*28 U.S.C. §1335(a)(1)*).

In this situation Colonial, a disinterested stakeholder, has a real and reasonable fear of multiple liability to both Gottaplay and Capital Group. Capital Group in its demand letter dated August 14, 2007, has cited *70A-8-403 of the Utah Code*, that an issuer (including any agent thereof) is liable to any person who initiates a demand for transfer unless it can be shown that any person who seeks to obstruct the transfer obtains an appropriate restraining order, injunction, or other process from a court of competent jurisdiction enjoining the issuer from registering the transfer or files with issuer an indemnity bond. Gottaplay has filed a counter claim and prayed for injunction on any kind of transaction in the Disputed Shares, with regards to Disputed Shares, pending the full resolution of the case.

**C.     Colonial As A Disinterested Stakeholder In Interpleader Action And Motion To Dismiss Does Not Want To Be Part Of The Claims Of Gottaplay And Capital Group As To Who Owns The Disputed Shares And Merits of their Respective Claims is immaterial to Colonial**

Colonial does not know at this point who has the rights on the stock, whether it is Gottaplay or Capital Group, and does not want to address the issue. It is for this Court and law of the land to decide who has the right to the Disputed Shares. For the same reason Capital Group filed their complaint with the court on July 13th 2007 and Gottaplay filed their answer and counterclaim on August 16, 2007. The complaint and counter claim are awaiting adjudication on the merits before this court. Meanwhile, Colonial as a disinterested stakeholder, and by way of this interpleader action wants to be discharged from the dispute between Gottaplay and Capital Group.

**IV.**

**CONCLUSION**

The Court should grant Colonial's Motion to Discharge and to deny Defendant Capital's

request for dismissal of the Interpleader Action and release.  The factual basis and codified requirements for an Interpleader action have been more than satisfied.  Colonial is subject to multiple liability due to the stated legal positions of Capital Group and Gottaplay Interactive as stated in their pleadings.

    Anything less than a complete discharge as requested by Colonial, will subject Colonial to unjustified litigation,  and potentially further confuse the issues raised by both Gottaplay Interactive and Capital Group as their litigation moves forward.

**DATE: October 9, 2007**　　　　　　　　　　**The Law Office of JAMES M. BARRETT**

**/s/ James M. Barrett**
**JAMES M. BARRETT**
Attorney for Colonial Stock Transfer